# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND AMADEO, | CASE NO. 1:07-cv-01072 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| BEN McCLAIN, et al., | (Doc. 7) |
| Defendants. | OBJECTION DUE WITHIN FIFTEEN DAYS |

Plaintiff Raymond Amadeo ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12101 *et seq.* (the Americans with Disabilities Act). On November 18, 2008 the Court issued an order finding service of the complaint appropriate for defendants McClain, Robinson and Dieke, and forwarded service documents to Plaintiff for completion and return within 30 days. More than thirty days have passed and plaintiff has not submitted the completed service documents to the court or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

1 action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.
2 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
3 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
4 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
5 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
6 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
7 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
8 failure to lack of prosecution and failure to comply with local rules).

9       In determining whether to dismiss an action for lack of prosecution, failure to obey a court
10 order, or failure to comply with local rules, the court must consider several factors: (1) the public's
11 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
12 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
13 (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
14 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

15       In the instant case, the court finds that the public's interest in expeditiously resolving this
16 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
17 been pending since July 26, 2007.  The third factor, risk of prejudice to defendants, also weighs in
18 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
19 in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
20 factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the
21 factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure
22 to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
23 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d
24 at 1424. The court's order directing Plaintiff to complete and return the service documents expressly
25 stated: "The failure to comply with this Order will result in a Recommendation that this action be
26 dismissed." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance
27 with the court's order.
28 ///

1  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
2  prejudice, for failure to obey a court order.
3  These Findings and Recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**
5  **days** after being served with these Findings and Recommendations, plaintiff may file written
6  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
9  1153 (9th Cir. 1991).

11  IT IS SO ORDERED.
12  **Dated:   January 21, 2009**            **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE